IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PATCH OF LAND LENDING, LLC**, a Delaware limited liability company, successor by its assignment from **PATCH OF LAND, INC.**, etc., <br><br> Plaintiff, <br><br> v. <br><br> **DYNAMIC REAL ESTATE, LLC**, a Wyoming limited liability company, et al., <br><br> Defendants. | Case No. 17 C 389 |

## MEMORANDUM ORDER

Patch of Land Lending, LLC ("Patch of Land") has filed this action to foreclose a mortgage and recover on the related promissory note and commercial guaranty by joining a host of defendants in its Complaint, which seeks to invoke diversity of citizenship as the predicate for federal subject matter jurisdiction. But although Patch of Land's counsel have been meticulous in identifying the states of citizenship of virtually all named defendants as well as its own citizenship, its counsel have not thought through the concept of diversity in its entirety.

In that respect the flaw in the Complaint is in counsel's inclusion of defendants identified as "Unknown Owners," "Non-Record Lien Claimants" and three "Doe" defendants -- "John Doe," "Jane Doe" and "Doe Corp." among the targeted defendants. In that respect this Court had occasion, more than three decades ago, to hold that such usage fails to satisfy the requirement of complete diversity as announced more than two centuries ago in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806) -- see this Court's brief opinion in John Hancock Mut. Life Ins. Co. v.

Central Nat'l Bank in Chicago, 555 F. Supp. 1026 (N.D. Ill. 1983). That was the first case in this Seventh Circuit to have addressed that problem, and it remains good law today.

Because Patch of Land's counsel have mistakenly (though certainly unintentionally) failed in their obligation to establish complete diversity and hence federal subject matter jurisdiction, both the Complaint and this action must be and are dismissed. This dismissal is of course without prejudice to Patch of Land's counsel pursuing the same remedies in a state court of competent jurisdiction.

Just a few words are worth adding about the regrettable result that had to be reached here. What has been said in this memorandum order is not at all fatal to the continuing development of the substantial cottage industry of pursuing mortgage foreclosures in the federal court system. As this Court was aware in its own law practice that included such foreclosure cases and that ended just a few years before it decided State Farm as a judge (it had left the practice of law in 1980), the key to assuring federal diversity jurisdiction at that time was the workout of arrangements with title insurers to issue clean title policies without the need to join unknown defendants. That may still be the most feasible solution today, although other courses of action may well have been developed in the interim.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: January 25, 2017